UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO. |
| v. : | |
| : | 18 U.S.C. § 371 [conspiracy] |
| I-CHE LAI : | 18 U.S.C. § 2319 [copyright Infringement] |
| a/k/a "doplgnger" : | 17 U.S.C. § 506(a) [copyright Infringement] |
| : | |

I N F O R M A T I O N

The Government charges that:

COUNT ONE
(Conspiracy)

I. Background

1.      At all times relevant to this Information, the defendant **I-CHE LAI** possessed, maintained, or had access to one or more computers connected to the Internet and communicated online using the alias "doplgnger."

II. Object of the Conspiracy

2.      Beginning at a time unknown and, although no later than in or about Fall of 2000, through in or about April 2004, in the District of Connecticut and elsewhere, the defendant **I-CHE LAI**, a/k/a "doplgnger," and others known and unknown to the Government (the "Conspirators") did knowingly and willfully conspire, combine, confederate, and agree to commit an offense against the United States -- to wit, to willfully infringe the copyright of a copyrighted work for purposes of commercial advantage and private financial gain, by reproducing and distributing during a 180-day period ten (10) or more copies of one or more copyrighted works, which have a total retail value of more than $2,500, in violation of Title 18,

United States Code, Section 2319(b)(1), and Title 17, United States Code, Section 506(a)(1).

### III. Manner and Means of the Conspiracy

3. It was a part of the conspiracy that the defendant **I-CHE LAI** and others known and unknown to the Government were participants in the "warez scene" -- that is, individuals and organized groups of individuals ("warez groups") who engage in the duplication, modification, reproduction, and distribution of copyrighted software over the Internet, in violation of federal copyright law.

4. It was further a part of the conspiracy that the defendant **I-CHE LAI** and others known and unknown to the Government would obtain access to "pirated" software -- that is, computer software, games, and movies that had been "cracked" (i.e., had their copyright protections removed or circumvented) by other participants in the warez scene. The defendant **I-CHE LAI** and others known and unknown to the Government would then distribute such pirated software to various file storage sites ("FTP sites") on the Internet for others to access, reproduce, and distribute.

5. It was a part of the conspiracy that the defendant **I-CHE LAI** and others known and unknown to the Government would establish, maintain, and support a number of FTP sites consisting of one or more computers connected to the Internet for the purpose of receiving, storing, and distributing pirated software. Some of these FTP sites were known in the warez scene at various times as "Kalisto-drop," "Firewire," "Firesite," "Optical Illusion," and "DOH."

6. It was further a part of the conspiracy that the Conspirators would alter the constituent files of digital copies of copyrighted works in order to circumvent copy and access controls embedded thereon, and then transfer or upload the pirated copyrighted works to several

FTP sites operated by and for members of prominent warez groups. This was done with the knowledge and intent that those copyrighted works would be further accessed, reproduced, and distributed by additional Conspirators. Over the course of this conspiracy, these sites accumulated tens of thousands of digital files, consisting of copyright-protected software programs, PC and console games, movies, and music files.

7. It was further a part of the conspiracy that, in exchange for cracking copyrighted versions of computer and computer console games, and in exchange for uploading pirated copies of copyrighted works to various FTP sites, defendant **I-CHE LAI** and other Conspirators would obtain a number of pirated copies of copyrighted works for their own personal use and enjoyment.

Overt Acts

8. In furtherance of the above conspiracy, and in order to effectuate the objects thereof, the following overt acts, among others, were committed within the District of Connecticut and elsewhere:

a. From on or about September 3, 2002 through on or about April 21, 2004, on numerous occasions, the defendant **I-CHE LAI** obtained copies of copyrighted computer and console game software, removed the copyright protections from the software (by a "ripping" or reformatting process, among other processes), and then uploaded this software and portions thereof to a computer system used by members of a number of illegal "warez" groups so that other members of these groups could illegally duplicate and further distribute that copyrighted software.

b. From on or about September 3, 2002 through on or about April 21, 2004, the defendant **I-CHE LAI** and other Conspirators known and unknown to the United States Attorney

uploaded and downloaded thousands of pirated copyrighted works to and from several computer systems with the knowledge and intent that those copyrighted works would be further accessed, reproduced, and distributed by additional Conspirators. In total, over the course of the above conspiracy, the Conspirators stored and distributed tens of thousands of individual copyrighted works over the FTP sites operated by illegal warez groups, including "Kalisto-drop," "Firewire," "Firesite," "Optical Illusion," and "DOH" -- with many of those copyrighted works being reproduced and distributed more than once.

c. On specific occasions from on or about September 3, 2002 through on or about April 21, 2004, defendant **I-CHE LAI** served as a site-administrator for various warez FTP servers and thereby permitted others to have access to the warez FTP servers with the knowledge that they would upload new material to the server and, in return, be permitted to download any material for their own use.

All in violation of Title 18, United States Code, Section 371.

THE UNITED STATES OF AMERICA

_____
KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

_____
ANTHONY E. KAPLAN
SUPERVISORY ASSISTANT U.S. ATTORNEY

_____
MARIA A. KAHN
ASSISTANT U.S. ATTORNEY