UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES | JUDGMENT |
|---|---|
| V. | CASE NO. 3:06-CR-4(RNC) |
| | USM NO: 16796-014 |
| I-CHE LAI a/k/a "doplgnger" | |
| 3695 Carmeron Paul Ct. | Government's Counsel: |
| Las Vegas, NV 89139 | Edward Chang |
| | Assistant United States Attorney |
| | 157 Church Street |
| | New Haven, CT 06510 |
| | |
| | Defendant's Counsel: |
| | Stephen V. Manning |
| | 185 Asylum Street |
| | Hartford, CT 06103 |

The defendant pleaded guilty to count one of an information. Accordingly, the defendant is adjudicated guilty of the following offense:

| Title & Section | Nature of Offense | Offense Concluded | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Commit Criminal Copyright Infringement | April 21, 2004 | one |

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984. The Court grants the government's motion for a downward departure pursuant to USSG § 5K.1.1 based on the defendant's substantial assistance in the investigation of others and departs four levels. The Court also grants the defendant's motion for a downward departure pursuant to USSG § 5K2.0 based on the defendant's extraordinary post-arrest rehabilitation and departs an additional three levels.

**PROBATION**

The defendant is hereby sentenced to a term of probation of 3 years, subject to the mandatory and standard conditions of probation set forth below at page 3. The mandatory condition requiring drug testing is waived. In addition, the following special conditions are imposed:

1. The defendant will spend 6 months on home confinement, without electronic monitoring, to begin promptly once the Probation Office in the District of Nevada (Las Vegas) assigns an officer to supervise the defendant. During this 6-month period, the defendant will remain in his home at all times except for approved absences for gainful employment, medical appointments, religious services, community service and other times specifically approved in advance by the Probation Office.

2. The defendant will pay a fine in the amount of $7,500.00, at a rate of $200.00 per month. Interest on the fine is waived.

3. The defendant will not open new lines of credit or incur significant new credit card charges without the prior permission of the Probation Office until the $7,500.00 fine is paid.

4. The defendant will provide the Probation Office with access to requested financial information.

5. The defendant will perform 120 hours of community service at a rate of 30 hours per month.

Page 2

**MONETARY PENALTIES**

In addition to the fine noted above, the defendant will pay a special assessment of $100.00, which is due immediately.

It is further ordered that the defendant will notify the United States Attorney for this District within 30 days of any change of name, residence or mailing address until the fine and special assessment imposed by this judgment are paid.

                                    **June 18, 2007**
                                    Date of Imposition of Sentence

                                  ___/s/_____
                                  Robert N. Chatigny, U.S.D.J.
                                  Date: 6/19/07

**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.

                                    John F. Bardelli
                                    United States Marshal

                              By    _____
                                            Deputy Marshal

***CERTIFIED AS A TRUE COPY***
***ON THIS DATE.*** _____
***Kevin F. Rowe, Clerk***


***BY:*** _____
       ***Deputy Clerk***

Page 3

## CONDITIONS OF PROBATION/SUPERVISED RELEASE

**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

- ■ (1) The defendant shall not commit another federal, state or local offense;
- ☐ (2) The defendant shall not unlawfully possess a controlled substance;
- ☐ (3) The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. section 3561(b) for the first time shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant;
- ☐ (4) The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance;
- ☐ (5) If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine;
- ■ (6) The defendant shall (A) make restitution in accordance with 18 U.S.C. sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;
- ☐ (7) A defendant convicted of a sexual offense as described in 18 U.S.C. sections 4042(c)(4) shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation or is a student.
- ■ (8) The defendant cooperate in the collection of a DNA sample from the defendant.

**While on supervised release, the defendant shall also comply with all of the following Standard Conditions:**

1. The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;
2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);
5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer at least ten days prior to any change of residence or employment;
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment;
14. The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

**Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.**

**These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.**

(Signed) _____     _____
      **Defendant**                                                                          **Date**

_____     _____
**U.S. Probation Officer/Designated Witness**          **Date**